UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JENNIFER LINN WILSON,   No. 13-11374

Debtor(s).
_____/

Memorandum re Dissemination of Unapproved Disclosure Statement
_____

The Chapter 11 process is essentially the marketing of securities. Creditors are solicited to give up their right to a liquidation dividend and instead invest their claims in a reorganized debtor. For this reason, the Bankruptcy Code requires a disclosure statement to be approved by the court and then sent to creditors along with a plan of reorganization. Copies of the plan and disclosure statement must be served on the Securities and Exchange Commission. Section 1125(e) of the Code provides a "safe harbor" from liability under state or federal laws governing the issuance, sale or purchase of securities for those who follow proper bankruptcy procedure regarding postpetition disclosure and solicitation.

The procedure for obtaining permission to disseminate a disclosure statement is set forth in Rule 3017(a) of the Federal Rules of Bankruptcy Procedure. Pursuant to that rule, all creditors are given notice that a disclosure statement has been filed. Before it has been approved, the disclosure statement may be sent only to the debtor, and trustee or committee, the SEC, the U.S. Trustee, and a party who requests a copy in writing. See 7 *Collier on Bankruptcy* (16th Ed.), ¶ 1125.03[2][b].

In this case, it appeared from the court docket that attorney Daniel Hanecak, counsel for the

1

debtor in possession, served copies of an unapproved disclosure statement on all creditors in direct violation of Rule 3017(a). The court accordingly ordered him and the debtor in possession to appear and explain the apparent violation.

Even though the court had specifically cited Rule 3017(a) in its order to show cause, when Hanecak appeared before the court he did not seem to understand his violation of bankruptcy law and the seriousness of it. He seemed to think that the court was calling him to task for not using the mailing labels as required by B.L.R. 2002-1(c), not violating the securities provisions of the Bankruptcy Code .

The court finds it difficult to believe that any attorney representing a debtor in possession would not understand the seriousness of sending an unapproved disclosure statement to anyone who had not requested it in writing. It is evident that the court should have listened to the U.S. Trustee, who objected to Hanecak's employment on grounds that he was not qualified to represent Chapter 11 debtors in possession.[1]

Violation of § 1125(b) of the Code and Rule 3017(a) is a very serious matter. It may justify monetary fines, *In re California Fidelity, Inc.,* 198 B.R. 567, 573 (9th Cir.BAP 1996); *In re Charles St. African Methodist Church,* 499 B.R. 126, 133 (Bkrtcy.D.Mass. 2013); appointment of a trustee, *In re Nautilus of New Mexico, Inc.,* 83 B.R. 784, 791 (Bkrtcy.N.D.Okl. 1988); disallowance of votes, *In re Media Central, Inc.,* 89 B.R. 685, 689 (Bkrtcy.E.D.Tenn. 1988); or subordination of claims, *In re Clamp-All Corp.,* 233 B.R. 198, 210 (BkrtcyD.Mass. 1999). The court has discretion to fashion an appropriate remedy depending on the facts of the case. *In re California Fidelity,* at 574.

In this case, given Hanecak's apparent ignorance of bankruptcy law and complete lack of comprehension of the seriousness of his acts, the most appropriate remedy is to terminate his

---

[1] The court is mindful that the only other case before this court in which Hanecak was approved as counsel for a debtor in possession, *In re Martin,* No. 13-10715, has ended badly. Not only did Hanecak fail to obtain confirmation of a plan by a deadline he himself asked for, but he attempted to withdraw from the case and substitute another attorney without leave of court. That case has been converted to Chapter 7.

authorization to represent the bankruptcy estate, giving the debtor some time to obtain competent counsel. The court will accordingly enter an order revoking the debtor's authorization to employ Hanecak. The court will retain jurisdiction to vacate his employment authorization in the event that it was obtained by any misrepresentations. Any replacement counsel approved by the court must first obtain court approval of a method of properly informing creditors that their votes were solicited improperly before proceeding to seek confirmation of a plan.

      An appropriate order will be entered.

Dated: December 6, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge